WARE v. TRAVELERS INS. CO. et al.

No. 10881.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1945.

Ezra R. Whitla, E. T. Knudson and Whitla & Knudson, all of Coeur d'Alene, Idaho, for appellant.

C. H. Potts and Wm. S. Hawkins, both of Coeur d'Alene, Idaho (Francis W. Cole, Hugh Harbison and Maxwell M. Merritt, all of Hartford, Conn., of counsel), for appellees.

Before GARRECHT, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a judgment of dismissal directed to a complaint filed by Eugene H. Ware. Pending the appeal Ware died and his executrix was substituted in his stead.

In summary, the complaint alleged that Ware is a licensed insurance agent residing in Kootenai County, Idaho, and is the duly appointed resident agent of the defendants (appellees). The latter are Connecticut corporations authorized to write liability insurance in Idaho. By the terms of his contract with the defendants Ware was to receive a percentage of the premiums paid on insurance contracts secured by or through him. On workmen's compensation and employers' liability policies his commission was fixed at 10% of the premiums collected, except that he was to be compensated on a special commission basis in certain instances.

In May 1942 the defendants wrote a workmen's compensation and employers' liability policy and comprehensive general liability and automobile liability policies for the Walter Butler Company, to cover the operations of that company in the building of the Farragut Naval Station in Kootenai County, Idaho. Later the defendants wrote similar policies for the same company to cover its operations in connection with another project in Kootenai County. These policies were written by the defendants "direct with the Walter Butler Company" and were countersigned by Ware as resident agent. The latter countersigned, also, a bond or bonds connected with the transactions. The object of the suit is to recover from the defendants a percentage of the premiums earned and collected on these policies on the basis of what is referred to as the "resident agent statute," Section 40-902, Idaho Code Annotated, as amended by Ch. 61, Idaho Session Laws 1939, Code Supp.1940, § 40-902. This statute reads: "It shall be unlawful for any foreign insurance company doing business in this state to make, write, place or cause to be made, written or placed in this state any policy, bond, duplicate policy or contract of insurance of any kind or character, or any general or floating policy upon persons or property, resident, situated or located in this state, unless done through an agent who is a resident of this state, legally commissioned and licensed to transact insurance business

herein. A resident agent shall countersign all policies so issued (except policies of life insurance) and shall receive the full commission when the premium is paid, except when said policy is made, written or placed by a licensed broker, in which event the countersigning agent shall receive a commission of not less than five per cent of the premium paid: * * * provided, this section shall not apply to life insurance companies."

It is not claimed that Ware procured the policies described, it being alleged merely that they were written directly by the companies, and "that the plaintiff acted as countersigning agent direct and not through any licensed broker." It sufficiently appears, therefore, that the policies were negotiated and procured outside the state of Idaho and without the intervention of a broker.

■ The defendants moved to dismiss on the ground that the complaint failed to state a claim upon which relief can be granted. In ruling on the motion the court stated that it "is of the opinion that the statute upon which this action is based is repugnant to the 14th Amendment of the Constitution and is also an unconstitutional restriction on interstate commerce, and it is therefore ordered that the motion be and the same is hereby sustained."

The court, we think, was in error. The validity of similar statutes has been upheld in the recent cases of Osborn v. Ozlin, 310 U.S. 53, 60 S.Ct. 758, 84 L.Ed. 1074, and Holmes v. Springfield Fire & Marine Ins. Co., 311 U.S. 606, 61 S.Ct. 19, 85 L. Ed. 384. In the Osborn case a statute of Virginia provided that, with specified exceptions, insurance companies authorized to do business in the state shall not make contracts of insurance on persons or property therein except through regularly constituted resident agents, which agents "shall be entitled to and shall receive the usual and customary commissions allowed on such comtracts" [310 U.S. 53, 60 S.Ct. 760] and may not share more than half thereof with a non-resident broker. The requirement was held to be well within the power of the state over insurance against local risks.

Holmes v. Springfield Fire & Marine Ins. Co., supra, involved a Montana statute making it unlawful for any insurance company doing business in that state "to make, write, place, or cause to be made, written or placed in this State, any policy," etc., upon persons or property situated in that state, unless written through and countersigned by a duly licensed resident agent who "shall receive the full commission on all [such] policies." Laws 1937, c. 95. The policies involved in that case had been placed through a licensed broker outside Montana. A three-judge court (D.C., 32 F.Supp. 964) held the statute unconstitutional insofar as it required foreign insurance corporations to pay full commissions to a resident agent who merely countersigned a contract of insurance procured by an out-of-state agent. The legislation was thought to deprive the foreign insurance company of its property without due process and to deny it equal protection. The Supreme Court reversed on authority of Osborn v. Ozlin, supra.

According to appellees, the court below, in holding the Idaho statute in conflict with the commerce clause, relied on the decision in United States v. South-Eastern Underwriters Ass'n, 322 U.S. 533, 64 S.Ct. 1162, 1171, 88 L.Ed. 1440. We see no good reason for the holding. The Court in the South-Eastern Underwriters case pointed out that, for constitutional purposes, certain activities of a business may be intrastate while other phases of the same business may be interstate. "There are," said the Court, "other activities which, though subject to federal regulation, are so intimately related to local welfare that, in the absence of Congressional action, they may be regulated or taxed by the states." [1] A survey of the laws of the state of Idaho relating to the business of writing workmen's compensation and employers' liability insurance makes it clear enough that such activities and the local servicing of policies of that character are intimately bound up with the state's program for the security and welfare of workmen.[2]

Appellees contend that the Idaho statute has no application to the policies and bonds written in this instance, inasmuch as they were not negotiated or written in Idaho. They say, too, that the phrase "full commission" has no meaning as applied to a

---

[1] Cf., also, the later decision in Lincoln National Life·Ins. Co. v. Reed, 1945, 65 S.Ct. 1220.

[2] Cf. Idaho Code Annotated (1932, and 1940 Supplement thereto) §§ 40-508, 40-902, 40-903, 43-1601, 43-1604, 43-1605, 43-1606.

situation where no agent has received a commission. They argue, further, that the statute is not to be read into Ware's contract; and that assuming a right of recovery is intended to be conferred on the agent, nevertheless the right may be waived, and in this instance impliedly was waived by Ware in his contract with the companies. However, the court below did not rule on these questions and we do not feel called upon to decide problems of local law of such consequence without benefit of the contribution which the federal judge in Idaho is in position to make. Moreover, the questions may more intelligently be considered in the light of all the facts as disclosed in the course of a trial.[3]

It should be added that under existing rules of pleading a complainant is not to be turned away unless on the facts pleaded he is entitled to no relief. Cf. Hanney v. Franklin Fire Ins. Co., 9 Cir., 142 F.2d 864, 866.

Reversed.

[3] As to the territorial reach of the statute, we may observe that in Holmes v. Springfield, etc., Ins. Co., supra, it was assumed by the three-judge court, and apparently by the Supreme Court, that a statute identically worded had application to insurance policies negotiated through brokers beyond the boundaries of the state. There, also, the phrase "full commission" was interpreted by the attorney general of Montana as meaning that the commission receivable by the resident agent was to be the same as that which he would have received had he secured the business himself.