### BRODERICK v. TRAVELERS INS. CO. et al.

### No. 1562-N.

District Court, D. Idaho, N. D.

Sept. 15, 1947.

Charles Horowitz of Seattle, Wash., and William S. Hawkins and C. H. Potts, both of Coeur d'Alene, Idaho, for defendants.

CLARK, District Judge.

One Eugene H. Ware, an insurance agent doing business in Kootenai County, Idaho, brought this action against the defendants alleging that he was the duly appointed agent of the defendant companies and licensed by them. That he was duly qualified, licensed resident insurance agent of the State of Idaho and further alleges that he, Ware, entered into a written contract as resident agent of the defendant companies, which contract is set forth in full as exhibit A attached to plaintiff's complaint. The contract is in the usual form of agency contract and provides for the payment of certain commissions on risks written or renewed by him during the continuance of the contract. The contract also provided that said Ware was authorized to countersign policies of insurance, renewal receipts, certificates and endorsements pertaining to the lines of insurance covered by the contract unless otherwise advised, and further alleges that under the laws of the State of Idaho, plaintiff was entitled as such resident agent to the commission as provided in said contract, on all policies written by the companies and each of them and submitted to the plaintiff for countersignature as resident agent of the said companies. It is not necessary to set the contract forth in full.

The plaintiff Ware, in addition to the written contract, had a separate arrangement with the defendant companies that he would act as countersigning agent for the agreed compensation of $5 per month. The said Ware placed insurance for the defendant companies under his written contract and also acted as countersigning agent on insurance that was obtained by the head office of the defendant companies during the time he was acting as agent.

There are two separate contracts. First: the written contract which applies to proposals of insurance secured by the agent and placed by him. Second: The contract that provided that the defendant would

Ezra R. Whitla and E. T. Knudson, both of Coeur d'Alene, Idaho, for plaintiff.

356

pay Mr. Ware $5 per month as countersigning agent for the defendant companies.

This action was originally before the Court on a motion to dismiss the complaint on the ground that it did not state a claim against the defendant companies and at the time of the argument on this motion it was contended by the plaintiff that he did not rely upon the written contract for the recovery sought but relied exclusively upon section 40-902, Idaho Code Annotated, which provides as follows: "Foreign companies—Resident agents—Countersigning policies.—It shall be unlawful for any foreign insurance company doing business in this state to make, write, place or cause to be made, written or placed in this state any policy, bond, duplicate policy or contract of insurance of any kind or character, or any general or floating policy upon persons or property, resident, situated or located in this state, unless done through an agent who is a resident of this state legally commissioned and licensed to transact insurance business herein. A resident agent shall countersign all policies so issued (except policies of life insurance) and shall receive the full commission when the premium is paid, to the end that the state may receive the tax required by law to be paid on the premiums collected for insurance on all persons and property resident or located within this state: provided, this section shall not apply to life insurance companies."

And under the amendment set forth in the 1939 Session laws of the state of Idaho c. 61 at page 109 which reads as follows: "Section 40-902. Foreign Companies—Resident Agents—Countersigning policies. It shall be unlawful for any foreign insurance company doing business in this state to make, write, place or cause to be made, written or placed in this state any policy, bond, duplicate policy or contract of insurance of any kind or character, or any general or floating policy upon persons or property, resident, situated or located in this state, unless done through an agent who is a resident of this state, legally commissioned and licensed to transact insurance business herein. A resident agent shall countersign all policies so issued (ex-

cept policies of life insurance) and shall receive the full commission when the premium is paid, *except when said policy is made, written or placed by a licensed broker, in which event the countersigning agent shall receive a commission of not less than five per cent of the premium paid:* * * * provided, this section shall not apply to life insurance companies."

Contending under these provisions that Ware was entitled to the full commission on any policies countersigned by him as resident agent in the State of Idaho. This Court sustained the motion of the defendant to dismiss on the ground "that the statute upon which this action is based is repugnant to the 14th amendment of the Constitution and is also an unconstitutional restriction upon Interstate Commerce." This case was appealed to the Circuit Court of Appeals of the 9th Circuit and this Court was reversed. Ware v. Travelers Insurance Companies, 9 Cir., 150 F.2d 463.

The Circuit Court of Appeals in that decision passed only upon the constitutional question and held that the statute was valid and was well within the power of the state over insurance companies against local risks and the case was returned to this Court for further proceedings. In the meantime Eugene H. Ware died and Mary Broderick administratrix with will annexed of the estate of Eugene H. Ware deceased was substituted as plaintiff. Answer was filed admitting Eugene H. Ware was a citizen and resident of Coeur d'Alene, Idaho; admitting the corporate capacity of the defendant companies; admitting that Mr. Ware, during his lifetime, was a duly qualified and licensed insurance agent according to the laws of Idaho; admitting that the defendant companies caused said Ware to be duly licensed as their resident agent in the State of Idaho and caused a certificate of his appointment to be made and delivered to him; admitting the written contract set forth as exhibit "A" and "A-1", but alleging that the insurance policies in question here were written and placed by the defendant companies under what is known as the War Projects Rating plan and countersigned by Ware as its

countersigning agent in accordance with the contract under which he was to receive $5 per month.

It is agreed by the plaintiff that the policies were not written under the written contract, and plaintiff relies exclusively on the statute for recovery, so the facts as presented to the Court are:

The defendants had an arrangement with Mr. Ware to act as countersigning agent for an agreed sum of $5 per month; they forwarded him three policies, No. 863386; No. WSLC-863387 and No. WSLA-863388.

The breakdown of the final premium developed under these policies in accordance with the War Projects Insurance Rating Plan, sometimes referred to as the comprehensive Insurance rating plan endorsement, is as follows, on the basis of an evaluation of losses as of September 28, 1945.

an agent who is a resident of this state, legally commissioned and licensed to transact insurance business herein. A resident agent shall countersign all policies so issued (except policies of life insurance) and shall receive the full commission when the premium is paid, *except when said policy is made, written or placed by a licensed broker, in which event the countersigning agent shall receive a commission of not less than five per cent of the premium paid:* * * * provided, this section shall not apply to life insurance companies." (The part italicized is the amended portion of the statute and plaintiff alleges in his complaint that the policies "were submitted to the plaintiff by the defendants and not through a licensed broker," and agrees that the amended portion of the statute has no application here.)

At the very onset counsel for the

| Policy No. | Company | | Earned Premium |
| --- | --- | --- | --- |
| WUB–863386 | The Travelers Insurance Co. | | |
| | Compensation | $236,364.79 | |
| | O. D. | 448.61 | $236,813.40 |
| WSLG–863387 | The Travelers Insurance Company | | 4,908.39 |
| WSLA–863388 | The Travelers Insurance Company | | 1,121.19 |
| | The Travelers Indemnity Company | | 3,281.37 |
| | Total | | $246,124.35 |

The proposals for these policies were received at the home office; were written there and sent to Ware for countersigning. Mr. Ware countersigned them and returned them to the home office for delivery. Plaintiff prays judgment for ten per cent of the premium paid.

If Ware was to receive this commission it must be found that he was entitled to it as a matter of law as the plaintiff's right is wholly dependant on the statute: The statute provides: "it shall not be unlawful for any foreign insurance company doing business in this state to make, write, place or cause to be made, written or placed in this state any policy, bond, duplicate policy or contract of insurance of any kind or character, or any general or floating policy upon persons or property, resident, situated or located in this state, unless done through

defendants again raised the constitutionality of the statute. It is not necessary to discuss this as the decision of the Court of Appeals establishes the law of the case, because it is well settled that a decision of the higher Court upon a point distinctly made and essential to its determination on a previous appeal is in all subsequent proceedings in the same case a final adjudication, so the case will be considered by the Court on the theory that the law of the case has been decided. However, the contention of the plaintiff that the case was fully decided in that decision is, in this Court's opinion, an incorrect interpretation of the decision of the Court of Appeals, as the Court said on page 464 of that opinion (which is entitled Ware v. Travelers Insurance Co., 9 Cir., 150 F.2d 463): "Appellees contend that the Idaho statute

has no application to the policies and bonds written in this instance, inasmuch as they were not negotiated or written in Idaho. They say, too, that the phrase 'full commission' has no meaning as applied to a situation where no agent has received a commission. They argue, further, that the statute is not to be read into Ware's contract; and that assuming a right of recovery is intended to be conferred on the agent, nevertheless the right may be waived, and in this instance impliedly was waived by Ware in his contract with the companies. However, the court below did not rule on these questions and we do not feel called upon to decide problems of local law of such consequence without benefit of the contribution which the federal judge in Idaho is in position to make. Moreover, the questions may more intelligently be considered in the light of all the facts as disclosed in the course of a trial."

It will be noted therefore that the Court only passed on the constitutionality of the statute and was not passing on the statute in the light of the evidence introduced in this case. While this Court is under obligation to follow the law of the case as to the constitutionality of Section 40-902, Idaho Code Annotated, it still remains for the Court to determine whether under the statute, the plaintiff is entitled to recover in this case.

If the right to recover exists it must be found that it exists under the statute alone, independent of the agency contract held by Ware, as it is agreed that this action is prosecuted, not on the contract, but on the statute.

The first question then to consider is: Does the statute, under the facts here, entitle the plaintiff to the relief prayed for? The Court will not consider whether there is a right of recovery for the countersigning service rendered by Eugene H. Ware under the provisions of the agency contract dated October 1, 1936 as that is not before the Court. The defendants acting independently of the contract obtained the proposals and placed the insurance. However, they were attempting not to violate the law, but to comply with its requirements. They forwarded the policies to Mr. Ware for countersignature; Ware would thereupon countersign the policies and return them to the defendants. The only compensation that Ware received for this countersigning was the agreed fee of $5 per month.

This case had to be tried without the benefit of Mr. Ware's testimony but it does not appear in the record where there was any other consideration agreed upon between the parties, except the agreed fee, which was regularly paid. There is nothing in the evidence to indicate that Ware was to receive any special commission for approving and countersigning the so-called home office policies. There is no contract in existence here between Ware and the defendants for a stipulated commission. There is no statute in the State of Idaho that enlarges the statute now before the Court, or is helpful in determining the rights of the insurance agent where the statute above quoted is violated. The legislature has not seen fit to fix any mandatory commission that must be paid to agents in the state in placing or signing foreign companies' policies doing business in this State. As far as the statute goes it makes it unlawful for a foreign company to "make, write, place or cause to be made, written or placed in this state" any insurance unless it is done through an agent who is a resident of the State. This part of the statute has been complied with. It is not necessary to spend time on the words "make, write, place or cause to be made, written or placed in this state" as I feel it is immaterial here. However, the final act in executing this contract was the countersigning of it by Mr. Ware. The risk covered by the insurance was located within the State of Idaho, so I think it can safely be said at least that the contract was written and placed within the State. This being so, it was necessary that the defendant companies should pay the full commission when the premiums were paid, to the Idaho agent. In this case it is apparent that no commission was paid, so there is no basis upon which to arrive at the amount that would be due Ware, except the statement that ten per cent was generally considered the commission to be paid. However it must be remembered that under the Idaho law there is nothing to prevent an agent

from contracting on the amount of commission that he sees fit to receive for his services. He is not prohibited from contracting for one per cent commission or a twenty per cent commission. The Insurance Company is prohibited however from paying any commission outside of the State. There was nothing unlawful in Mr. Ware making the contract with the defendant companies that he would countersign the policies at $5 per month.

The Court cannot write remedies into the statute which are not specifically mentioned. It cannot be said that an agent is specifically given, under this section of the statutes, a right of action to recover and if the statute was to be so construed, that he does have a right of action, his right to recover is limited to the full commission that was paid to out of state agents in writing the policies.

■ It is unfortunate in the Court's opinion that the statute does not cover the case now before this Court. In a proper action it might be said that the war rating plan, under which the insurance involved in this action was written, was not permissible under the statute of Idaho. It seems without question that the plan was set up with the thought in mind of avoiding the payment of commissions, but regardless of that fact the Court is unable, after reading the statute into and making it a part of the contract, which provides that he shall have the full commission when the premium is paid, determine what, if any, commission could be allowed when no commission is agreed upon and no commission is paid.

■ In viewing this statute I am taking the position that the Insurance Company in all its operations is subject to the regulations of the state as to rates, agency contracts and terms of the policy, and when the legislature has acted upon these matters they become public policies of the State and cannot be departed from by the parties. I agree that they cannot be waived, and that the public policy cannot be departed from. If an agent's commission was fixed by law it cannot be waived. If there was any commission paid there can be no compromise, it must be paid to the agent in full. It is a declaration of the public policy of this State and binding upon all of the parties, but applying the statute to the facts of this case and making it a part of the contract under which Ware countersigned the policies in question; I find that Section 40-902 of the Idaho Code Annotated is constitutional and valid and that the opinion of the Circuit Court of Appeals, Ninth Circuit, is final on this question.

I find that there was no commission paid outside the State of Idaho.

I find that there is no right to recover for the countersigning service by Eugene H. Ware.

I find that Ware has been paid for such services under his agreement to accept the $5 per month therefor.

I find that there was no commission fixed by the statute or otherwise to be paid Mr. Ware on the insurance here involved.

I find that the customary commissions paid on similar policies form no basis for fixing commissions in this case.

I can find no provision that would permit this Court to fix the amount of commission that should be paid Mr. Ware, or any provision of the statute that applies to the facts in this case and recovery must be denied.