17854

G. W. TAGGART, Appellant, v. HOME FINANCE GROUP, INC., Home Credit Company of Lancaster, South Carolina, East Coast Life Insurance Company and Old Republic Insurance Company, Respondents.

(123 S. E. (2d) 250)

346

*Messrs. D. Glenn Yarborough,* of Lancaster, and *Herbert & James,* of Charlotte, N. C., *for Appellant,*

*Messrs. Grier, McDonald, Todd, Burns & Bradford,* of Greenwood, and *Roddey & Sumwalt,* of Rock Hill, *for Respondent,*

*Messrs. D. Glenn Yarborough,* of Lancaster, and *Herbert & James,* of Charlotte, N. C., *for Appellant, in Reply.*

December 6, 1961.

OXNER, Justice.

This is an appeal from an order sustaining a demurrer to a complaint, the allegations of which may be summarized as follows:

From February 19, 1957 to October 10, 1959, plaintiff, a resident of South Carolina, was the manager of the Lancaster office of the defendant Home Credit Company, a domestic corporation duly licensed to do business under the Small Loan Act. Sections 8-794 to 8-794.166, inclusive, of the 1960 Cumulative Code Supplement. During the foregoing period plaintiff was a licensed agent for defendants East Coast Life Insurance Company and Old Republic Insurance Company, foreign insurance companies doing business in this State, and sold insurance policies for said companies "sufficient to entitle him to commissions for such sales," in an "amount of at least $120,576.64." None of the commissions, however, were paid to plaintiff but were paid by said insurance companies to his employer, defendant Home Credit Company, which was not licensed to solicit or write insurance. Subsequently these commissions or a portion thereof were turned over by the Home Credit Company to the defendant Home Finance Group, Inc., a foreign corporation which owns all or a majority of the common stock of the Home Credit Company and of the East Coast Life Insurance Company. Plaintiff further alleged that under Sections 37-246, 37-247 and 37-254 of the 1952 Code, as amended, he was entitled to all commissions on insurance sold by him, that the payment of said commissions to the Home Credit Company was in violation of his rights under the insurance law of this State, and that he is entitled to an accounting from the defendants for all commissions earned during the period of his employment with the Home Credit Company.

While not set out in the complaint, it was conceded in oral argument that plaintiff was employed by the Home Credit Company on a fixed salary. Plaintiff does not allege a breach of any contractual relations with the defendants. In fact, he expressly disclaims any intention to set forth a cause of action on contract and claims these commissions solely perforce of the sections of the insurance code hereinabove mentioned, which he says should be construed as vesting in him a right to the commissions on all insurance written.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action in that:

"1. Such Complaint is founded upon the position that the plaintiff is entitled to commissions 'by and under Sections 37-246, 37-247 and 37-254 of the Code of Laws for South Carolina for 1952, as amended' rather than under a contract entitlement; whereas, such statutes are in no way statutes of entitlement and create no right to receive commissions but only regulate and prohibit certain splitting by agents of commissions otherwise earned; and,

"2. Even if such Complaint were founded in a contract entitlement, which is not alleged, said statutes do not prohibit the employment of a full time employee by a corporation, on a salary basis, whereby the employee who is a licensed agent does not receive commissions, but his employer does receive them."

The Court below sustained the demurrer on both grounds.

In 1947 the General Assembly enacted a comprehensive insurance code, known as the "Insurance Law" (45 Stat. at Large, 322), which is now incorporated in Title 37 of the 1952 Code of Laws, captioned "Insurance". The Act regulates the insurance business. Under its terms no insurance company may do business in this State unless duly licensed by the Insurance Commissioner and then only through an agent who has been duly licensed by said Commissioner. Section 37-246 prescribes the conditions under

which a nonresident may be licensed as an agent to do business in South Carolina. The only portion of Section 37-247 material to this controversy is the following: "All business done in this State by insurance companies doing the business of insurance as defined in this Title shall be transacted by their regularly authorized agents residing in this State or through applications of such agents and all policies, except life insurance policies, so issued must be countersigned by such agents."

Section 37-254 reads as follows:

"No licensed agent representing any company doing the business of insurance as defined herein shall pay, directly or indirectly, any commission, brokerage or other valuable consideration on account of any policy of insurance or any risk in this State to any nonresident or to any resident not duly licensed to act as agent for the type of insurance involved. But agents licensed under this Title may write insurance at the request of other licensed agents or brokers or nonresident brokers and allow such licensed agents or brokers or nonresident brokers not exceeding one-half of the commissions which they receive on the business written."

We think the demurrer was properly sustained on the first ground which makes it unnecessary for us to pass upon the second. Although there are decisions to the effect that under statutes similar to ours a corporation may operate an insurance agency through the medium of a duly licensed salaried agent (*Rogers v. Ramey,* 198 Ky. 138, 248 S. W. 254; *O. G. Pierce Co. v. Century Indemnity Co.,* 136 Neb. 78, 285 N. W. 91; *James N. Tardy Co. v. Tarver,* 120 Tex. 591, 39 S. W. (2d) 848; 44 C. J. S., Insurance, § 85, page 591; Couch, Cyclopedia of Insurance Law, Volume 2, Section 487), we shall assume, without deciding, that in this State a corporation cannot engage in such activity and that the payment by the insurance companies to the Home Credit Company of the commissions on policies sold by appellant constituted a violation of Section

37-254. We shall further assume for the purpose of this discussion, contrary to the views advanced by respondents, that the Small Loan Act does not authorize a corporation organized thereunder to solicit or sell insurance. Our decision, therefore, is narrowed to the question of whether the insurance statutes give appellant a right to recover these commissions.

The requirement that insurance companies doing business in this State and their agents be licensed is primarily for the protection of the public and not for the protection of private rights. Section 37-254 is a prohibition against splitting commissions. Such a provision is not uncommon in statutes regulating insurance. Appleman, Insurance Law and Practice, Volume 16, Section 8972. We find nothing in the statutes regulating insurance companies and their agents purporting to establish civil liability. While there are provisions imposing a penalty upon insurance companies for the violation of Section 37-247 and various other sections of the Insurance Law, these penalties are not imposed for the benefit of private individuals and may according to the express terms of the statute be recovered only in an action brought in the name of the State. The code sections cited by appellant do not undertake to create a right on the part of an agent to recover commissions on insurance sold by him. We do not think they can reasonably be construed as giving him such a cause of action and we are not at liberty to write such a remedy into the statute. *Broderick v. Travelers Insurance Co.*, D. C., 73 F. Supp. 354, affirmed by the Circuit Court of Appeals, 9 Cir., 175 F. (2d) 694, tends to support the foregoing conclusion.

Moreover, it may not be reasonably inferred that the Legislature intended under the sections of the Insurance Law relied upon by appellant to give an agent a right to maintain an action for commissions which, in violation of Section 37-254, he has agreed to split or permit to be paid to another, thereby rendering him *in pari delicto* with such

other person. See *Black Motor Co. v. Baughman & Datron Insurance Agency,* 290 Ky. 163, 160 S. W. (2d) 388; *Guardian Financial Corporation of Beaumont v. Rollins,* Tex. Civ. App., 312 S. W. (2d) 553; *Guardian Consumer Finance Corporation v. Langdeau,* Tex Civ. App., 329 S. W. (2d) 926.

It follows that appellant has no claim to these commissions under the statutes. Nothing said herein, however, shall be construed as affecting any claim he may have under contract or otherwise against the respondents.

Affirmed.

TAYLOR, C. J., and LEGGE, MOSS and LEWIS, JJ., concur.

### THE STATE OF SOUTH CAROLINA

In The Supreme Court

*In Re: Rules of the Supreme Court*

### ORDER

*It is ordered* that Sections 1, 4, 7, 8, 11 and 18 of the Rule on Disciplinary Procedure adopted by this Court May 31, 1958, be amended as follows:

*Section 1 (b)*—After the word "pollute", insert the words "or obstruct", so that Section 1 (b) shall read as follows:

"(b) concerning practices of any member of the bar of this state which tend to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute; and"

*Section 4*—After subsection (c), change the period to a semicolon, and add as subsection (d) the following:

"(d) conduct tending to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute."

*Section 7*—In the first paragraph, strike out the word "or" just before "(2)", change the period after the word "association" to a semicolon, and then add the following: "or (3) a member of the Board of Commissioners as provided in Section 31 of this Rule."

*Section 8*—In the second sentence, after the word "not" and before the word "charge", insert the words "state facts sufficient to".

*Section 11*—At the beginning of this section insert the following:

"11. Whenever the panel in its report shall have recommended disbarment, suspension, or public reprimand, the Board of Commissioners, through its secretary, shall, before acting upon such report, notify the respondent and his counsel, if any, of the time and place at which the Board will consider the report for the purpose of determining its action thereon, such notice to be given not less than thirty days prior to such meeting. And the respondent and his counsel shall have the right, and shall be so informed in said notice, to appear before the Board at said meeting and thereupon to submit briefs and be heard in oral argument in opposition to the recommendations of the panel. Like notice shall be given, and like opportunity to submit briefs and be heard in oral argument in support of the recommendations of the panel shall be afforded, to the complainant and his counsel, if any."

*Section 18*—Strike out this section and insert in its stead the following:

"Unless and until otherwise ordered by this court, all proceedings and documents relating to complaints and hearings thereon and to proceedings in connection therewith shall be private, unless the respondent shall in writing request that they be public. All complaints shall be captioned 'In The Matter Of ........' (Name of respondent to be inserted); and except for the official records of the Board and of this court, all references to the respondent through-

out any disciplinary proceeding under this Rule shall be by the use of the term 'Anonymous', unless and until this court shall otherwise order."

/s/ C. A. Taylor, C. J.
/s/ G. Dewey Oxner, A. J.
/s/ Lionel K. Legge, A. J.
/s/ Joseph R. Moss, A. J.
/s/ J. Woodrow Lewis, A. J.

Columbia, South Carolina,
November 15, 1961.

## RULES ON DISCIPLINARY PROCEDURE

(As amended by the Supreme Court on November 15, 1961, such amendments to become effective on February 15, 1962.)

1. *Creation of Board of Commissioners on Grievances and Discipline.*

There is hereby created as Commissioners of this Court a Board of Commissioners on Grievances and Discipline. The said Board of Commissioners is empowered and charged to receive, entertain, inquire into, take proofs, make findings, and submit recommendations to this Court, as hereinafter provided:

(a) concerning complaints of misconduct, as hereinafter defined, on the part of any member of the bar of this state;

(b) concerning practices of any member of the bar of this state which tend to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute; and

(c) relating to petitions for reinstatement to the practice of law in this state.

2. *Constitution, Appointment and Tenure of the Board of Commissioners on Grievances and Discipline.*

The said Board of Commissioners shall be appointed by this court and shall consist of one (1) member of the bar of this state from each of the Judicial Circuits of the state.

The term of office of each member of the said Board shall be three years, and shall begin on the first day of October next following his or her appointment, except that of the members first appointed, those from the First, Fourth, Seventh, Tenth and Fourteenth Circuits shall be appointed for terms of one year each and those from the Third, Sixth, Ninth and Twelfth Circuits for terms of two years each. Vacancy for any cause shall be promptly filled by appointment by this court for the unexpired term. At the time of its initial appointments to membership, and each year thereafter, this court shall designate one member as Chairman of the said Board of Commissioners and shall also designate a Secretary, who may, but need not, be a member of the said Board.

3. *Rule Exclusive.*

All proceedings for the investigation of complaints and grievances involving alleged misconduct of any member of the bar of this state, all proceedings for the discipline of such members of the bar, and all proceedings for reinstatement to the practice of law in this state shall be brought, conducted and disposed of in accordance with the provisions of this rule.

4. *Misconduct Defined.*

Misconduct, as the term is used herein, means any one or more of the following:

(a) violation of any provision of the oath of office taken upon admission to the practice of law in this state;

(b) violation of any of the Canons of Professional Ethics as adopted by this court from time to time;

(c) commission of a crime involving moral turpitude;

(d) conduct tending to pollute or obstruct the administration of justice or to bring the courts or the legal profession into disrepute.

5. *Manner of Discipline.*

Every member of the bar found guilty of misconduct shall be disciplined, in accordance with the seriousness of such misconduct, by:

(a) permanent disbarment; or

(b) suspension for an indefinite period from the office of attorney at law, subject to reinstatement only as hereinafter provided; or

(c) public reprimand; or

(d) private reprimand.

6. *Effect of Discipline.*

A person disbarred shall never be readmitted to the practice of law in this state.

A person who, having voluntarily surrendered his license to practice, has been thereafter reinstated in the manner hereinafter provided, or who, having been suspended for an indefinite period from the office of attorney at law, has been thereafter reinstated in the manner hereinafter provided, shall be disbarred upon being found guilty of subsequent misconduct.

A person who, having been publicly reprimanded for misconduct, is thereafter found guilty of subsequent misconduct, shall be suspended for an indefinite period from the office of attorney at law, or permanently disbarred, depending upon the seriousness of such misconduct.

7. *Complaint.*

A complaint, as the term is used herein, means a formal written complaint alleging misconduct on the part of a member of the bar of this state, who shall be designated therein as the respondent. The complainant may be (1) any individual, firm or corporation; (2) the grievance committee of a regularly organized local bar association; or (3) a member of the Board of Commissioners as provided in Section 31 of this Rule. Such complaint shall not be accepted for filing unless it is:

(a) verified under oath of the complainant; or

(b) signed by one or more members in good standing of the bar of this state, as counsel for the complainant. Signature by such counsel shall constitute a representation that he or they (1) have investigated the charges of misconduct

alleged in the complaint, (2) believe reasonable cause exists to warrant a hearing on said complaint, and (3) have accepted the responsibility of prosecuting the complaint to conclusion. When the grievance committee of a regularly organized local bar association is the complainant, verification of the complaint shall be by the chairman of that committee.

8. *Filing of Complaint; Procedure Thereon.*

All complaints shall be filed in quadruplicate with the Secretary of the Board of Commissioners. If the said Board of Commissioners shall find that the complaint, upon its face, does not state facts sufficient to charge misconduct as herein defined, the said complaint shall be dismissed, and the Secretary of the Board shall so notify the complainant. Otherwise the said Secretary shall forthwith cause to be sent to the respondent by registered mail a copy of said complaint, together with a notice, signed by the said Secretary, requiring the respondent, within twenty (20) days after the mailing of such notice, to file with the Board, in quadruplicate, his answer to the complaint, and to serve a copy of said answer upon the complainant or his counsel of record. The answer shall be signed by the respondent or by his counsel, or by both, and may, but need not be, verified.

9. *Hearing by Panel of Three Commissioners.*

After respondent's answer has been filed, or the time has expired within which respondent was required to file such answer, a formal hearing shall be held, upon reasonable notice to complainant and respondent or their counsel, by a panel of three (3) Commissioners appointed by the Chairman of the said Board of Commissioners, who shall designate one member of such panel as chairman of the panel. No member of such panel shall be a resident of the Judicial Circuit from which the complaint originated, or of the Judicial Circuit in which the respondent resides at the time of the filing of the complaint.

10. *Duty of the Panel.*

(a) If the panel shall find that the charges in the complaint are not supported by the evidence or do not merit the taking of disciplinary action, the complaint shall be dismissed; and such dismissal shall be reported to the Secretary of the Board of Commissioners, who shall thereupon so notify the respondent, the complainant, all counsel of record, and, when deemed appropriate, the local bar association or associations of the county or counties in which respondent resides and maintains an office, and of the county or counties from which the complaint arose.

(b) If the panel shall find and determine that the respondent is guilty of misconduct and that private reprimand should be administered, such panel shall administer such reprimand; and such action shall be reported to the Secretary of the Board of Commissioners, who shall thereupon so notify the same persons and organizations that would have been notified if the complaint had been dismissed by said panel.

(c) If the panel shall find and determine that the respondent is guilty of misconduct meriting public reprimand, indefinite suspension, or permanent disbarment, it shall make a certified report of the proceedings before it, including its findings of fact and recommendations, and shall file the same, together with a transcript of the testimony taken, such exhibits as may have been in evidence before it, and an itemized statement of the actual and necessary expenses incurrd by it in connection with such proceedings, with the Secretary of the Board of Commissioners.

11. *Review by the Board of Commissioners; Private Reprimand.*

Whenever the panel in its report shall have recommended disbarment, suspension, or public reprimand, the Board of Commissioners, through its Secretary, shall, before acting upon such report, notify the respondent and his counsel, if any, of the time and place at which the Board will consider the report for the purpose of determining its action thereon,

such notice to be given not less than thirty days prior to such meeting. And the respondent and his counsel shall have the right, and shall be so informed in said notice, to appear before the Board at said meeting and thereupon to submit briefs and be heard in oral argument in opposition to the recommendations of the panel. Like notice shall be given, and like opportunity to submit briefs and be heard in oral arguments in support of the recommendations of the panel shall be afforded, to the complainant and his counsel, if any.

Upon consideration of the report of the panel, the Board of Commissioners may:

(a) refer the matter back to the panel for further hearing; or

(b) order a further hearing before the said Board of Commissioners; or

(c) proceed upon the certified report of the prior proceedings before the panel.

Upon its final review, the Board of Commissioners may either dismiss the complaint or find that the respondent is guilty of misconduct. If the Board shall determine that a private reprimand should be administered, it shall administer such reprimand. If the complaint is dismissed, or if a private reprimand is administered, the Secretary of the Board of Commissioners shall thereupon so notify the same persons and organizations that would have been notified if the complaint had been dismissed by the panel that heard the matter.

12. *Public Reprimand; Suspension or Permanent Disbarment; Duty of Board after Review.*

If the Board of Commissioners shall determine that the respondent is guilty of misconduct meriting public reprimand, indefinite suspension, or permanent disbarment, it shall make a final certified report of the proceedings before it, including its findings of fact and recommendations, and shall file the same, together with a transcript of the testimony taken, and such exhibits as may have been in evidence

before it, and an itemized statement of the actual and necessary expenses incurred by the hearing panel and by the Board in connection with the proceeding, in the office of the Clerk of this court; and the Secretary of the Board of Commissioners shall forthwith notify the respondent and the complainant, or their counsel, of such action, enclosing with such notice a copy of the Board's findings of fact and recommendations and a copy of the statement of expenses before mentioned.

13. *Court to Order Respondent to Show Cause.*

Upon the filing of such final report of the Board of Commissioners, this Court shall issue its order directed to the respondent, requiring him to show cause before this court at a time to be therein specified, but not less than forty (40) days after issuance of such order, why the report of the Board of Commissioners should not be confirmed and a disciplinary order entered. Copies of such order to show cause, certified by the Clerk of this court, shall be served under his direction upon the respondent and the complainant, or their counsel, personally or by registered mail.

14. *Return of Respondent; Briefs.*

At least twenty (20) days before the date for showing cause stated in the order of this court, the respondent shall make return to said order, setting forth his grounds of objection to the findings and recommendations of the Board of Commissioners and to the entry of a disciplinary order or to the confirmation of the report of said Board upon which the said order to show cause was issued, and shall file with the Clerk of this court the original and ten copies of such return, together with proof of service of the said return upon the Secretary of the Board of Commissioners, upon the complainant or his counsel, and upon the *Attorney General of South Carolina,* who shall thereafter participate in the proceeding in the public interest. At the time of filing his return as aforesaid, the respondent shall also file with the Clerk of this court the original and ten copies

of a brief in support thereof, together with proof of service of said brief upon the Secretary of the Board of Commissioners, upon the complainant or his counsel, and upon the *Attorney General.*

15. *Briefs on the Part of Complainant.*

Within fifteen (15) days after the filing of respondent's brief, the *Attorney General* and counsel for the complainant shall, jointly or severally, file with the Clerk of this court the original and ten copies of such brief or briefs as they may deem necessary in answer thereto, together with proof of service thereof upon respondent or his counsel of record and upon the Secretary of the Board of Commissioners.

16. *Form of Return and Briefs.*

The return and briefs may be either printed or typewritten, mimeographed or machine duplicated. If printed, they shall conform to the requirements of Rule 5 of this court; if typewritten, mimeographed or machine duplicated, they shall conform to the requirements of Rule 6.

17. *Review by Court.*

Upon failure of the respondent to make return to the order to show cause within the time hereinbefore prescribed, or after consideration of the return and such briefs as may have been filed in support of and in opposition to the same, and after hearing argument, if this court shall desire to hear argument, thereabout, this court shall enter such order upon the matter as it may find proper, and may include in its order such provision for reimbursement of the actual and necessary expenses incurred by the hearing panel and by the Board of Commissioners as the court shall deem proper. Upon the entry of any disciplinary order pursuant to this rule, the Clerk of this court shall mail certified copies thereof: to the respondent, at his last known address; to the complainant; to all counsel of record; to the Board of Commissioners; to the local bar association or associations in the county or counties in which the respondent resides and maintains an office, and in the county or counties from

which the complaint originated; to the Clerk of the Court of Common Pleas in each of said counties; and to the Clerk of the District Court of the United States for the district in which said counties are located.

18. *Proceedings Private Until Filed in Supreme Court.*

Unless and until otherwise ordered by this court, all proceedings and documents relating to complaints and hearings thereon and to proceedings in connection therewith shall be private, unless the respondent shall in writing request that they be public. All complaints shall be captioned "In The Matter Of . . . . . . . . . . . . . . ." (Name of respondent to be inserted); and except for the official records of the Board and of this court, all references to the respondent throughout any disciplinary proceeding under this Rule shall be by the use of the term "Anonymous", unless and until this court shall otherwise order.

19. *Quorum of Board or Hearing Panel.*

A majority of the members of the Board of Commissioners or of a hearing panel shall constitute a quorum for all purposes; and the action of a majority of those present comprising such quorum shall be the action of the Board of Commissioners or of such hearing panel.

20. *Service of Notices, Etc.*

Wherever in this rule provision is made for the service of any notice, order, report or other paper or copy thereof upon any complainant or respondent or petitioner in connection with any proceeding involving a complaint or a petition for reinstatement, service may be made upon counsel of record for such complainant, respondent, or petitioner, either personally or by registered mail.

21. *Clerk is Agent for Service of Notices on Nonresident Attorneys.*

Service of any notice provided for in this rule upon any nonresident respondent who has been admitted to the practice of law pursuant to the rules of this court, or upon any

resident respondent who, having been so admitted, subsequently becomes a nonresident or cannot be found at his usual abode or place of business in this state, may be made by the Secretary of the Board of Commissioners by leaving with the Clerk of this court a true and attested copy of such notice and any accompanying documents and by sending to the respondent, by registered mail, a like true and attested copy, with an endorsement thereon of the service upon the said Clerk, addressed to such respondent at his last known address. The postmaster's receipt for the payment of such registered postage shall be attached to and made a part of the return of service of such notice by the Secretary. The panel or Board of Commissioners or court before which there is pending any proceeding in which notice has been given as provided in this section may order such continuance as may be necessary to afford the respondent reasonable opportunity to appear and defend. The Clerk of this court shall keep a record of the day and hour of the service upon him of such notice and any accompanying documents.

22. *Members of Board May Issue Subpoenas and Order Depositions Taken.*

Each member of the Board of Commissioners shall have power to issue subpoenas and to administer oaths to witnesses. All such subpoenas shall be issued in the name and under the seal of this court, and shall be signed by a member of the Board of Commissioners. Any member of the Board of Commissioners may order the testimony of a witness to be taken by deposition within or without this State in the manner prescribed for the taking of depositions in civil actions; and such depositions may be used to the same extent as permitted in civil actions.

23. *Effect of Refusal to Obey Subpoena or to Testify.*

If any person subpoenaed as a witness pursuant to this rule shall refuse or neglect to obey said subpoena, to attend, to be sworn or to affirm, or to answer any proper question, he shall be deemed in contempt of this court and punishable accordingly.

### 24. *Rules of Evidence to be Observed.*

The rules of evidence shall be observed in the conduct of all hearings.

### 25. *Docket of Complaints.*

The Secretary of the Board of Commissioners shall keep a docket of each complaint and of all proceedings thereon, and the same shall be retained permanently as a part of the records of the Board of Commissioners.

### 26. *When Petition for Reinstatement May be Filed.*

No petition for reinstatement to the practice of law shall be filed within two years after the entry of an order indefinitely suspending the petitioner from the practice of law in this State, or within two years after the denial of a petition for reinstatement filed by such petitioner.

### 27. *Contents of Petition for Reinstatement.*

Subject to the foregoing restrictions, any person who has been indefinitely suspended from the practice of law and who wishes to be reinstated may file with the Clerk of this court his verified petition, and ten (10) copies thereof, setting forth:

(a) the date when indefinite suspension was ordered, and, if there was a reported opinion concerning the same, the volume and page of the official reports of this court where such opinion appears;

(b) the dates upon which any prior petitions for reinstatement were filed, denied or granted;

(c) the names of all persons and organizations, other than the petitioner and the Board of Commissioners, who were entitled under this Rule to receive from the Clerk of this court certified copies of the disciplinary order of this court resulting in the petitioner's suspension;

(d) the name of the county in which he resides at the time of the filing of the petition, and of each county in which he proposes to maintain an office if reinstated; and

(e) the facts upon which he relies to establish by clear and convincing proof that he has rehabilitated himself.

28. *Petition Referred to Committee on Character and Fitness.*

Unless the petition for reinstatement be summarily denied for insufficiency in form or substance, the Clerk of this court shall forward five (5) copies thereof to the Secretary of the Committee on Character and Fitness appointed under the rules of this court governing admission of persons to the practice of law in this State; and such petition shall be deemed to be referred, without court order, to said Committee.

29. *Action by Committee on Character and Fitness.*

The Committee on Character and Fitness shall, with all convenient dispatch, proceed to hold a hearing or hearings, take evidence concerning petitioner's character and his claim of rehabilitation, and report to this court the proceedings had before said Committee, together with the Committee's findings of fact and recommendations. Reasonable notice of all such hearings before the Committee shall be given to the petitioner or his counsel and to the President of the local bar association or associations in the county or counties in which the petitioner resides and in which he proposes to maintain an office in the event of his reinstatement. Such hearings may, in the discretion of the Committee, be public, and shall be public if the petitioner so requests in writing. Any interested person, any member of the bar, and any representative of the South Carolina Bar Association or of any local bar association may appear before the committee in support of, or in opposition to, the petition.

30. *Committee's Report to be Filed; Procedure Thereupon.*

The report of the Committee on Character and Fitness, and six (6) copies of the Committee's findings of fact and recommendations, shall be filed in the office of the Clerk of this court, who shall thereupon notify petitioner or his counsel of such filing and shall with such notice enclose a copy of the Committee's findings of fact and recommenda-

tions. If the Committee shall have recommended denial of the petition, the petitioner shall have ten (10) days from the date of his receipt of notice thereof from the Clerk within which to file with the said Clerk objections to the report and brief in support of such objections, together with five copies of such objections and brief; but no oral argument will be heard thereon. Upon consideration of the Committee's report and of such objections and brief as may have been filed by the petitioner concerning the same, the court shall enter such order as it may deem appropriate, and may include in such order such provision for reimbursement of the actual and necessary expenses incurred in connection with the proceedings as shall appear just and proper.

31. *Investigation at Instance of Chairman; Procedure Thereunder.*

(a) Whenever, from sources deemed by him reliable, the chairman of the Commission learns of an attorney (who is licensed to practice in South Carolina) engaging in practices in violation of his duty as such attorney, and the Chairman comes to the conclusion that an investigation should be made, he shall designate one member of the Commission to act as an investigator. The member so designated shall investigate these reported violations of duty, and for this purpose he may call to his assistance such public investigating agencies as he may think proper. After making such investigation, should the investigator come to the conclusion that a complaint (as described in the section 7 hereof) should be made against the attorney investigated, he shall file such in his official capacity and be responsible for the prosecution thereof to a conclusion.

(b) When a member of the Commission shall have been selected to investigate the conduct of a particular member of the bar, he shall thereafter be disqualified to act as a member of the Commission insofar as such conduct of said member of the bar is concerned, otherwise than as such investigator and prosecutor as above set out.

### 32. *Rule to be Liberally Construed.*

The process and procedure under this rule shall be as summary as reasonably may be. Amendments to any complaint, notice, answer, objection, return, report or order may be made at any time prior to final order of the court. Any party affected by such amendment shall be given reasonable opportunity to meet any new matter presented thereby. No investigation or procedure shall be held to be invalid by reason of any nonprejudicial irregularity or for any error not resulting in a miscarriage of justice. This rule shall be liberally construed for the protection of the public, the courts, and the legal profession, and shall apply to all pending complaints and investigations so far as may be practicable, and to all future complaints, investigations and petitions whether the conduct involved occurred prior or subsequent to the effective date of this rule. To the extent that application of this rule to such pending proceedings may not be practicable, the procedure in force at the time this rule became effective shall continue to apply.

Every communication, whether oral or written, made by or on behalf of any complainant to the Board of Commissioners or any hearing panel or member thereof, pursuant to this Rule, whether by way of complaint or testimony, shall be privileged; and no action or proceeding, civil or criminal, shall lie against any such person, firm or corporation by or on whose behalf such communication shall have been made, by reason thereof.

33. The Board of Commissioners is empowered to adopt rules and regulations not inconsistent with this rule.