FOXMAN, Associate Judge.
Colonial Penn Communities, Inc., Colonial Penn Insurance Company, and CPC Agency, Inc., appeal the entry of final partial summary judgment in favor of plaintiff/appellee James Crosley on the issue of whether appellants wrongfully withheld commissions from appellee on the sale of certain policies of mobile home insurance. For the reasons set forth below, we reverse.
Appellee Crosley was hired in 1973 to act as sales coordinator for Colonial Penn Communities in the sale of mobile homes and the lease of mobile home lots. That same year, CPC Agency, Inc., which is engaged in the business of insurance underwriting, began marketing insurance to mobile home buyers at the Colonial Penn Communities development. To facilitate insurance sales, Colonial Penn Communities reimbursed ap-pellee for expenses incurred in obtaining an insurance sales license, and thereafter ap-pellee acted as sales agent for both mobile homes and mobile home insurance policies. Appellee was paid a salary plus commissions and fees on the sale of mobile homes and the renting of lots.
In 1980, Crosley filed suit against appellants, claiming that he was wrongfully denied commissions on the policies of insurance he sold from 1973 until 1979. Specifically, appellee maintained that appellants violated Florida Statute § 624.425(1) (1979) by failing to pay him the standard and usual commission paid to insurance agents employed by CPC Agency, Inc.
The statute appellee relies on provides:
(1) Except as stated in s.624.426, no authorized property, casualty, or surety insurer shall assume direct liability as a subject of insurance resident, located, or to be performed in this state unless the policy or contract of insurance is issued by or through and is countersigned by, a local producing agent who is a resident of this state, regularly commissioned and licensed currently as an agent of the insurer under this code. If two or more authorized insurers issue a single policy of insurance against legal liability for loss or damage to person or property caused by the nuclear energy hazard, or a single policy insuring against loss or damage to property by radioactive contamination, whether or not also insuring against one or more other perils proper to insure against in this state, such policy if otherwise lawful may be countersigned on behalf of all of the insurers by a licensed resident agent of any insurer appearing thereon. Such agent shall receive on each policy or contract the full and usual commission allowed and paid by the insurer to its agents on business *1032 written or transacted by them for the insurer.
This statute was enacted by the legislature to assure the presence of local agents to serve the needs of policyholders who had previously encountered difficulties in dealing with insurance companies headquartered out of state. The provision, which is contained in Florida’s Insurance Code, § 624.01 et seq., is designed to protect the public and not insurance agents. See Taggart v. House Finance Group, Inc., 239 S.C. 345, 123 S.E.2d 250 (1961). Nonetheless, appellee urges that a private action exists for insurance agents.
If the legislature fails to create an express statutory cause of action, courts will reluctantly imply such right if the plaintiff is in the class of persons whom the statute is intended to protect. Taggart, supra. In the instant case, the policyholders who purchased insurance from CPC Agency, Inc., and not the agents who sold such policies, are the protected class.
Even if we were to accept appellees’ argument that he is entitled to base his claim or section 624.425(1), we are still mindful that the statute only provides that the “full and usual commission shall be paid.” Presumably, if the insurer does not ordinarily compensate its agents by commission, then the insurer is not obligated to pay any amount in addition to salary. In Broderick v. Travelers Ins. Co., 175 F.2d 694 (9th Cir.1949), the Ninth Circuit interpreted an Idaho statute almost identical to the statute presently under consideration. The court observed:
The statute appears to assume that a commission will be paid the agent, but it does not prescribe the amount; nor does it in terms or by necessary implication require that all policies be issued on a commission basis. Without more, the enactment would ordinarily be thought to contemplate only that when a commission is paid the full amount thereof shall be paid the resident agent, the carrier and agent being in other situations impliedly left free to determine by contract the mode of compensation, (footnotes omitted).
As in Broderick, this court is left speculating about what percentage commission would be proper. The notable absence of guidelines in the statute concerning the amount agents are to receive suggests that the legislature intended the parties to be free to fix for themselves the method of such compensation. Appellee Crosley’s ample salary during his employment with appellant CP Communities indicates that the parties were aware of, and took into consideration, the value of appellee’s services as insurance agent in setting his level of compensation.
We are also reluctant to grant the appel-lee a commission on the sale of policies of insurance dating back as far as 1973. Ap-pellee sold mobile home insurance policies continuously from 1973 until 1979. Although he apparently notified appellants that he thought a commission was due and owing for this period, he voluntarily refrained from filing suit for six years.
Rights which may be conferred by statute, contract,, or constitution may be waived by the beneficiary of such rights. Kilpatrick v. McLouth, 392 So.2d 985 (Fla. 5th DCA 1981). In Arbogast v. Bryan, 393 So.2d 606 (Fla. 4th DCA 1981), a real estate agent claimed that he had not received the full amount of the commissions he was owed on property sold over a six-year period. The court refused to compel his employer to pay any additional amount to the agqnt because of his acceptance of the reduced commission for such an extended length of time. The Arbogast court stated:
Waiver may be express or implied. Although waiver does not arise from fore-bearance for a reasonable time, it may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived. Id. at 608.
Thus, in view of the arguments outlined above, and based on appellee’s failure to present his claim in a timely fashion, this court is compelled to reverse the trial court’s grant of summary judgment in ap-pellee’s favor.
REVERSED and REMANDED.
*1033 COWART, J., concurs.
DAUKSCH, J., dissents without opinion.