386 S.E.2d 844

**Wilbur B. OSTROSKY**

v.

**ARKWRIGHT–BOSTON MANUFACTUR-ERS MUTUAL INSURANCE COM-PANY, et al.**

**No. CC996.**

Supreme Court of Appeals of West Virginia.

Nov. 15, 1989.

J.P. McMullen, Jr., Charles D. Bell, Wellsburg, for Wilbur B. Ostrosky.

A.L. Emch, Jackson & Kelly, Charleston, George R. Farmer, Jr., Stephen M. Lacagnin, Jackson & Kelly, Morgantown, for Arkwright–Boston Manuf. Mut. Ins. Co.

WORKMAN, Justice:

The sole issue in this certified case is whether a licensed resident insurance agent who countersigns policies and receives a fixed annual sum to compensate him for the countersigning is entitled to commissions in addition to the yearly fee. United States District Court for the Northern District of West Virginia certified the following question:

Is a direct writer of insurance that does not employ commissioned agents who en-

ters into a contract with a licensed resident agent under which said agent agrees to countersign insurance policies within the State of West Virginia (which policies he does not solicit, negotiate, effectuate, write, or issue) in exchange for a fixed yearly fee that is not dependent upon the number of policies countersigned, if any, or the gross amount of premiums involved, required by West Virginia Code § 33–12–24 to pay to such agent any sum of money in addition to such agreed fixed yearly fee?

We answer this question in the negative.

The plaintiff, Wilbur B. Ostrosky, entered into a contract with the non-resident defendant insurance companies beginning in 1974 to be their resident countersigning agent.[1] Ostrosky received a fixed annual fee in exchange for his services as the defendants' resident countersigning agent. The fixed annual fee was initially set at one hundred fifty dollars and remained the same until 1979 when the yearly fee was increased to three hundred fifty dollars. Ostrosky was still being compensated at the rate of three hundred fifty dollars per year when he resigned from the position of resident countersigning agent in May 1986.

Ostrosky's only duty as a countersigning agent was to countersign the insurance policies which the defendant companies supplied to him. Ostrosky was not employed to, nor did he ever, solicit or participate in the sale of any of the policies which he countersigned. The defendant insurance companies relied on salaried employees, as opposed to commissioned agents, to procure the sale of their policies. Accordingly, each insurance contract which Ostrosky countersigned had been issued directly by a salaried employee.

In reliance on W.Va.Code § 33–12–24 (1988), Ostrosky made a demand on the defendant insurance companies for compensation in excess of the annual fee which he had been receiving. The statute provides in pertinent part:

(a) The entire commission payable by any insurer licensed to transact insurance in this State on any insurance policy shall be paid directly to the licensed resident agent who countersigns the policy. The countersigning agent shall not pay any part of such commission to any person other than a licensed agent or broker: Provided, That the portion of such commission retained by the countersigning resident agent shall not be less than ten percent of the gross policy premium or fifty percent of the commission payable by the insurer as provided herein, whichever is the lesser amount. The term "commission" as used herein shall include engineering fees, service fees or any other compensation incident to the issuance of a policy payable by or to any insurer, agent or broker.

Plaintiff maintains that this statutory provision requires the defendant insurance companies to pay him on a commission basis for each policy which he countersigned in addition to the yearly fee which he received. We disagree.

Ostrosky claims entitlement to commissions based upon the statutory language which reads: "Provided, That the portion of such commission retained by the countersigning resident agent shall not be less than ten percent of the gross policy premium or fifty percent of the commission payable by the insurer ... whichever is the lesser amount." Plaintiff's interpretation of W.Va.Code § 33–12–24 is flawed for several reasons. First, the statute does not require that an insurance company compensate its agents on a commission basis. When a commission is paid, however, the statute does require that the entire commission be paid directly to the countersigning agent. Second, the statutory language upon which plaintiff relies does not establish a formula for the payment of commissions. Instead, the percentage figures in the proviso merely identify the *portion* of the commission which the countersigning resident agent must retain. Obviously, if the countersigning resident agent is not compensated on a commission basis, as is the case here, then the proviso language

---

**1.** West Virginia Code § 33–12–7 (1957) requires that every contract of insurance covering a subject of insurance located or to be performed in West Virginia must be countersigned by a licensed resident agent of the insurer.

does not apply. Thus, plaintiff's contention that when no customary commission rate applies a countersigning agent is entitled to a commission equal to ten percent of the gross policy premium is clearly without foundation.

In a futile attempt to convince this Court that he is entitled to commissions at the rates set forth in the proviso, Ostrosky argues that the fixed yearly fee which he received qualifies as a commission under the statute.[2] Commission is defined by the statute as "includ[ing] engineering fees, service fees or any other compensation *incident to the issuance of a policy* payable by or to any insurer, agent or broker." W.Va.Code § 33–12–24 (emphasis supplied). The Legislature unmistakably intended to define commission in the usual sense of the term, that being remuneration specifically attributable to the issuance of a particular policy. Since plaintiff concedes that his yearly fee was not dependent on the number or amount of the policies issued, the annual fee clearly does not constitute a "commission" under the statute.

Our interpretation of W.Va.Code § 33–12–24 is consistent with the decision in *Broderick v. Travelers Ins. Co.*, 175 F.2d 694 (9th Cir.1949). The *Broderick* court interpreted an Idaho statute which required a non-resident insurance company to employ a resident agent for the purpose of countersigning policies issued in Idaho and directed that the countersigning agent should receive the full commission.[3] Notwithstanding the statutory directive to pay commissions to the countersigning agent, the *Broderick* court ruled that the countersigning agent was only entitled to the con-tractual rate of five dollars per month for his services. *Id.* at 697. The court reasoned:

> The statute appears to assume that a commission will be paid the agent, but it does not prescribe the amount; nor does it in terms or by necessary implication require that all policies be issued on a commission basis. Without more, the enactment would ordinarily be thought to contemplate only that when a commission is paid the full amount thereof shall be paid the resident agent, the carrier and agent being in other situations impliedly left free to determine by contract the mode of compensation....

*Broderick*, 175 F.2d at 696–97 (footnote omitted).

In *Colonial Penn Communities, Inc. v. Crosley*, 443 So.2d 1030 (Fla.Dist.Ct.App. 1983), the court interpreted a Florida statute which directed that the countersigning resident agent "shall receive on each policy or contract the full and usual commission allowed and paid by the insurer to its agents on business written or transacted by them for the insurer." *Id.* at 1031–32 (citing Fla.Stat. § 624.425(1) (1979)). Citing *Broderick*, the court determined that the countersigning agent was not entitled to a commission in addition to his salary by reasoning that "if the insurer does not ordinarily compensate its agents by commission, then the insurer is not obligated to pay any amount in addition to salary." *Colonial Penn*, 443 So.2d at 1032. The court opined that "[t]he notable absence of guidelines in the statute concerning the amount agents are to receive suggests that the legislature intended the parties to be free

---

**2.** By attempting to characterize his fixed yearly fee as a commission, defendant has impliedly conceded that W.Va.Code § 33–12–24 only applies when an insurance agent is compensated on a commission basis.

**3.** The Idaho statute provided that:
It shall be unlawful for any foreign insurance company doing business in this state to make, write, place or cause to be made, written or placed in this state any policy, bond, duplicate policy or contract of insurance of any kind or character, or any general or floating policy upon persons or property, resident, situated or located in this state, unless done through an agent who is a resident of this state, legally commissioned and licensed to transact insurance business herein. A resident agent shall countersign all policies so issued (except policies of life insurance) and shall receive the full commission when the premium is paid, *except when said policy is made, written or placed by a licensed broker, in which event the countersigning agent shall receive a commission of not less than five per cent of the premium paid:* * * * provided, this section shall not apply to life insurance companies.
*Broderick*, 175 F.2d at 695, n. 1 (emphasis in original). The underscored section of this statute was deemed not to be applicable under the facts of the *Broderick* case.

to fix for themselves the method of such compensation." *Id.*

Unlike the Idaho and Florida statutes discussed above, the West Virginia statute effectively eliminated the issue of whether a resident countersigning agent must be compensated on a commission basis. By drafting the statute to read "[t]he entire commission payable," the Legislature clearly intended W.Va.Code § 33–12–24 to apply only when the insurer chooses to remunerate its agents through commissions. No reading of this statutory provision can compel the result which logically follows from plaintiff's arguments: that the Legislature directed insurance companies to market policies solely on a commission basis. We hold that when a direct writer of insurance that does not employ commissioned agents enters into a contract with a licensed resident agent which provides that the agent will countersign insurance policies in exchange for a fixed yearly fee that is not dependent upon the number of policies countersigned or the gross amount of premiums involved, the insurer is not paying the agent on a "commission" basis and accordingly, W.Va.Code § 33–12–24 does not affect the contractual method or rate of payment.

Having answered the certified question, this case is dismissed from the docket of this Court.

Case dismissed.